**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| WILLIE JACOBS, ET AL. | CIVIL ACTION NO. 04-2492 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court is a Motion for Reconsideration (Record Document 50) filed by Plaintiffs. Plaintiffs argue that this Court's Memorandum Ruling of November 8, 2006, wherein all of Plaintiffs' claims against the City of Shreveport, Chief of Police Michael Campbell, and Officer Jason Persons were dismissed with prejudice, was in violation of Bazan v. Hildago County, 246 F.3d 481 (5th Cir. 2001), in that the Court allegedly made improper credibility determinations.

Defendants opposed the Motion for Reconsideration and have distinguished the instant matter from Bazan. See Record Document 52. Defendants contend that this is not a case where, as in Bazan, there is a complete absence of any corroboration of the police officer's description of the events at issue. See id. Defendants point to video evidence, audio evidence, and the affidavit of Mr. Williams, an independent witness, and argue there is no material or outcome determinative fact that is genuinely disputed. See id.

This Court agrees with Defendants and finds that the instant matter is distinguishable from Bazan. In Bazan, the Fifth Circuit emphasized the narrow factual situation the case addressed and found that it lacked jurisdiction to hear the appeal because the district court concluded that the events that occurred were genuinely disputed,

in the light of both the police officer being the sole surviving witness and the conflicting evidence regarding the initial confrontation at the vehicle. See Bazan, 246 F.3d at 493. The Fifth Circuit went on to note that "no doubt, [the district court] reached that conclusion in large part because little evidence corroborating the [police officer's] version exist[ed]." Id. at 492. Here, there is evidence to corroborate Officer Persons' version of events, namely audio/video evidence and the affidavit of Mr. Williams. In light of such evidence and because Bazan is distinguishable from the instant matter, the reasoning of the Court's November 8, 2006 Memorandum Ruling remains sound.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration (Record Document 50) filed by the Plaintiffs be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 20th day of December, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE